EILEEN M. DECKER
United States Attorney
PATRICK R. FITZGERALD
Assistant United States Attorney
Chief, National Security Division
JAY H. ROBINSON (California Bar No. 230015)
MELANIE SARTORIS (California Bar No. 217560)
Assistant United States Attorneys
Terrorism and Export Crimes Section
    3403 Tenth Street
    Suite 200
    Riverside, California 92501
    Telephone: (951) 276-6267
             (213) 894-5615
    Facsimile: (951) 276-6202
             (213) 894-7631
    E-mail:   jay.robinson@usdoj.gov
              melanie.sartoris@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

# UNITED STATES DISTRICT COURT

## FOR THE CENTRAL DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA, | No. ED CR 15-93-JGB |
|---|---|
| Plaintiff, | STIPULATION REGARDING REQUEST FOR (1) CONTINUANCE OF TRIAL DATE AND (2) FINDINGS OF EXCLUDABLE TIME PERIODS PURSUANT TO SPEEDY TRIAL ACT |
| v. | |
| ENRIQUE MARQUEZ, JR., | |
| Defendant. | **CURRENT TRIAL DATE:** March 21, 2017 at 9:00 a.m.<br>**[PROPOSED] TRIAL DATE:** September 26, 2017 at 9:00 a.m.<br><br>**CURRENT STATUS CONFERENCE DATE:** March 6, 2017 at 2:00 p.m.<br>**[PROPOSED] STATUS CONFERENCE DATE:** September 11, 2017 at 2:00 p.m. |

    Plaintiff United States of America, by and through its counsel of record, the United States Attorney for the Central District of California and Assistant United States Attorneys Jay H. Robinson and

Melanie Sartoris, and defendant ENRIQUE MARQUEZ, JR., by and through his counsels of record, Young J. Kim, Angela Viramontes, and John L. Littrell hereby stipulate as follows:

1. The Indictment in this case was filed on December 30, 2015. Defendant first appeared before a judicial officer of the court in which the charges in this case were pending on December 17, 2015. The Speedy Trial Act, 18 U.S.C. § 3161, originally required that the trial commence on or before March 9, 2016.

2. On January 6, 2016, the Court set a trial date of February 23, 2016, and a status conference and motions hearing date of February 8, 2016.

3. Defendant is detained pending trial. The parties estimate that the trial in this matter will last approximately twelve to fourteen days.

4. On February 1, 2016, this Court continued the trial date from February 23, 2016 to July 19, 2016, and found the interim period to be excluded in computing the time within which the trial must commence, pursuant to the Speedy Trial Act. On May 2, 2016, this Court continued the trial date from July 19, 2016 to March 21, 2017, and found the interim period to be excluded in computing the time within which the trial must commence, pursuant to the Speedy Trial Act.

5. By this stipulation, defendant moves to continue the trial date to September 26, 2017 and the status conference and hearing date on motions *in limine* to September 11, 2017, and a motion schedule as follows: motions to be filed no later than August 7, 2017; oppositions to be filed no later than August 21, 2017; and replies to be filed no later than August 28, 2017. Additionally, the parties

propose the following schedule for any dispositive motions and motions to suppress evidence: dispositive motions and motions to suppress evidence to be filed no later than April 3, 2017; oppositions to be filed no later than June 12, 2017; replies to be filed no later than June 26, 2017; and the hearing on dispositive motions and motions to suppress evidence on July 10, 2017.  This is the third request for a continuance.

    6.   Defendant requests the continuance based upon the following facts, which the parties believe demonstrate good cause to support the appropriate findings under the Speedy Trial Act:

        a.   Defendant is charged with violations of 18 U.S.C. § 2339A(a):  Conspiracy to Provide Material Support to Terrorists; 18 U.S.C. § 922(a)(6):  False Statements in Connection with the Acquisition of a Firearm; 8 U.S.C. § 1325(c): Marriage Fraud; and 18 U.S.C. § 1546: Fraud and Misuse of Visas, Permits, and Other Documents.  The government has produced four terabytes of discovery to the defense, including: over 10,000 documents including reports of investigation, evidence photographs, expert witness reports, search warrants and other legal process; and over 500 hours of audio-recorded witness interviews with law enforcement, including the draft transcripts of these interviews.  The government's production of discovery is ongoing because of the voluminous nature of the case and the materials.

        b.   Due to the nature of the prosecution, including the charges in the indictment and the voluminous discovery in the case,

///

///

///

this case is so unusual and so complex that it is unreasonable to expect adequate preparation for pretrial proceedings or for the trial itself within the Speedy Trial Act time limits.

    c. In light of the foregoing, counsel for defendant also represent that additional time is necessary to confer with defendant, conduct and complete an independent investigation of the case, conduct and complete additional legal research including for potential pre-trial motions, review the discovery and potential evidence in the case, and prepare for trial in the event that a pretrial resolution does not occur. Defense counsel represent that failure to grant the continuance would deny them reasonable time necessary for effective preparation, taking into account the exercise of due diligence.

    d. Defendant believes that failure to grant the continuance will deny him continuity of counsel and adequate representation.

    e. The government does not object to the continuance.

    f. The requested continuance is not based on congestion of the Court's calendar, lack of diligent preparation on the part of the attorney for the government or the defense, or failure on the part of the attorney for the Government to obtain available witnesses.

7. For purposes of computing the date under the Speedy Trial Act by which defendant's trial must commence, the parties agree that the time period of March 21, 2017 to September 26, 2017, inclusive, should be excluded pursuant to 18 U.S.C. §§ 3161(h)(7)(A), (h)(7)(B)(i), (h)(7)(B)(ii), and (h)(7)(B)(iv) because the delay results from a continuance granted by the Court at defendant's

request, without government objection, on the basis of the Court's finding that: (i) the ends of justice served by the continuance outweigh the best interest of the public and defendant in a speedy trial; (ii) failure to grant the continuance would be likely to make a continuation of the proceeding impossible, or result in a miscarriage of justice; (iii) the case is so unusual and so complex, due to the nature of the prosecution, that it is unreasonable to expect preparation for pre-trial proceedings or for the trial itself within the time limits established by the Speedy Trial Act; and (iv) failure to grant the continuance would unreasonably deny defendant continuity of counsel and would deny defense counsel the reasonable time necessary for effective preparation, taking into account the exercise of due diligence.

8. Nothing in this stipulation shall preclude a finding that other provisions of the Speedy Trial Act dictate that additional time periods be excluded from the period within which trial must commence. Moreover, the same provisions and/or other provisions of the Speedy

///
///
///

Trial Act may in the future authorize the exclusion of additional time periods from the period within which trial must commence.

IT IS SO STIPULATED.

Dated: September 30, 2016                Respectfully submitted,

                                         EILEEN M. DECKER
                                         United States Attorney

                                         PATRICK R. FITZGERALD
                                         Assistant United States Attorney
                                         Chief, National Security Division

                                          /s/ Jay H. Robinson
                                         JAY H. ROBINSON
                                         MELANIE SARTORIS
                                         Assistant United States Attorneys

                                         Attorneys for Plaintiff
                                         UNITED STATES OF AMERICA

    I am ENRIQUE MARQUEZ, JR.'s attorney.  I have carefully discussed every part of this stipulation and the continuance of the trial date with my client. I have fully informed my client of his Speedy Trial rights.  To my knowledge, my client understands those rights and agrees to waive them.  I believe that my client's decision to give up the right to be brought to trial earlier than September 26, 2017, is an informed and voluntary one.

*/s/ Young J. Kim*
*by electronic authorization*           9/30/2016
YOUNG J. KIM                            Date
ANGELA VIRAMONTES
JOHN L. LITTRELL

Attorneys for Defendant
ENRIQUE MARQUEZ, JR.

6