SANDRA R. BROWN
Attorney for the United States, Acting Under
Authority Conferred by 28 U.S.C. § 515
PATRICK R. FITZGERALD
Assistant United States Attorney
Chief, National Security Division
CHRISTOPER D. GRIGG (California Bar No. 220243)
Assistant United States Attorney
Chief, Terrorism and Export Crimes Section
MELANIE SARTORIS (California Bar No. 217560)
DEIRDRE Z. ELIOT (California Bar No. 145007)
Assistant United States Attorneys
Terrorism and Export Crimes Section
     3403 Tenth Street
     Suite 200
     Riverside, California 92501
     Telephone: (213) 894-5429
                (213) 894-5615
                (714) 338-3599
     Facsimile: (213) 894-7631
                (714) 338-3561
     E-mail:    christopher.grigg@usdoj.gov
                melanie.sartoris@usdoj.gov
                deirdre.eliot@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA, | No. ED CR 15-00093-JGB |
|---|---|
| Plaintiff, | **GOVERNMENT'S RESPONSE TO EX PARTE APPLICATION TO CONTINUE SENTENCING** |
| v. | |
| ENRIQUE MARQUEZ, JR., | |
| Defendant. | |

Plaintiff United States of America, by and through its counsel of record, hereby respectfully opposes Defendant's Ex Parte Application to Continue Sentencing.

The government opposes defendant's request for another continuance because it is concerned that continuing sentencing in

this matter takes an emotional and logistical toll on the victims of
the December 2, 2015 terrorist attack in San Bernardino, their loved
ones, and other members of the public. Defendant has had ample time
to prepare for sentencing. This is defendant's third request for a
continuance. The government stipulated to the first request, and
opposed the second. The current sentencing date of February 26, 2018
– a continued date requested by defendant over the government's
objection – is a full year after defendant's change of plea hearing.
Proceeding on the current sentencing date is both fair to defendant
and in the best interest of the victims of the December 2, 2015
terrorist attack, their loved ones, and the public.

Defendant pled guilty on February 16, 2017. At that hearing,
the Court set sentencing for August 21, 2017.

On June 29, 2017, after meeting and conferring, the parties
filed a stipulation requesting the Court to continue the sentencing
to November 6, 2017. In their conversation with defense counsel
regarding the stipulation, the government advised defense counsel of
its intent to retain an expert on terrorism in support of its
position at sentencing. The stipulation reflected this as a basis
for the continuance.

Also during the discussion with defense counsel, the government
expressed its strong desire to pick a sentencing date that worked
collectively for the parties and would not be continued. As the
government explained to defense counsel, shifting sentencing dates
would be difficult for the victims of the December 2, 2015 shooting
in San Bernardino and their loved ones who have a strong interest in
attending the hearing.

1   On September 25, 2017, the government provided defense counsel
2   and the Probation Office with the expert statement of William
3   Braniff.   On October 2, 2017, the Probation Officer released the PSR.
4   On October 4, 2017, the government made available additional
5   investigative materials for defense to review, inspect, and copy.
6   Defense counsel followed-up on this request several weeks later,
7   reviewed the investigative materials, and requested copies of certain
8   materials, which were then provided to defense counsel on November
9   21, 2017.
10   On October 12, 2017, defense counsel advised the government of
11   its intent to file an *ex parte* application to continue the
12   sentencing, listing among it reasons needing "further time to . . .
13   consult with and retain an expert in light of the USPO's findings."
14   On that same date, the parties met and conferred by telephone at the
15   government's request.   During the call, defense counsel clarified
16   that it intended to hire a terrorism expert.   Government counsel
17   again explained to defense counsel the government's concern for the
18   victims, who emotionally and logistically had been planning for the
19   November 6, 2017, sentencing hearing date.   The government also
20   considered the stated bases for defendant's request.   Balancing the
21   two, the government advised defense counsel it opposed the
22   continuance.
23   On October 13, 2017, defense filed an *ex parte* application to
24   continue the sentencing to February 26, 2018.   The government filed
25   its opposition on that same date.   The opposition was based on
26   several reasons, including that there was already a lengthy
27   continuance, that the government's expert statement provided context
28   for defendant's own statements by explaining concepts that were not

1  reasonably subject to dispute, and because of the "personal and
2  logistical toll that continuing sentencing will place on the
3  victims."

4      On October 16, 2017, the government filed its objections to the
5  PSR.

6      On October 17, 2017, the Court granted defendant's request to
7  continue the sentencing hearing to February 26, 2018.

8      In connection with defendant's current application, on January
9  9, 2018, defense counsel contacted government counsel indicating that
10 defendant intended to ask for another continuance of the sentencing
11 date and requested the government's position, while recognizing that
12 the government was likely to object.  Government counsel responded by
13 asking for the reason for the proposed continuance, offering to
14 discuss the issue with defense counsel, and explaining that "[a]bsent
15 an extraordinary reason, you are correct to anticipate that the
16 government opposes a further continuance.  We remain concerned about
17 the effects any such continuance may have on the victims and their
18 loved ones, and continue to believe that proceeding expeditiously to
19 sentencing at this point is both fair to the defendant and in the
20 best interest of the victims and the public."

21     On January 11, 2018, defendant filed the instant *ex parte*
22 application to continue sentencing, on the bases that the "defense
23 team," including Dr. Marc Sageman (retained on November 18, 2017),
24 required additional time to review discovery and that Dr. Sageman
25 required additional time to "write a report, if any" for purposes of
26 sentencing.  The application noted that the government opposes the
27 continuance.

28

1    The government's opposition is based on the same reasons
2  described above and in its opposition to defendant's last requested
3  continuance.  In particular, as expressed to defense counsel on
4  several occasions, the government is concerned about the emotional
5  and logistical toll that continuing to move the sentencing date will
6  have on the victims of the December 2, 2015 terrorist attack in San
7  Bernardino, their loved ones, and other members of the public
8  effected by the tragedy.  Each time the Court sets a sentencing date,
9  the victims and their loved ones are affected.  Many of the victims
10  and their loved ones have indicated that they intend to attend the
11  sentencing.  This requires many of them to make plans to miss work,
12  travel, or make other logistical arrangements to be there.  Several
13  have also expressed an interest in providing written or oral
14  statements during the sentencing hearing.  Without a doubt, for many,
15  making these preparations is not only logistically taxing, but highly
16  emotional as well.  While other victims, their loved ones, and
17  members of the public may not be planning to attend or make
18  statements, and recognizing that every individual's experience is
19  different and deeply personal, the government recognizes that sliding
20  sentencing dates may cause emotional trauma for them as well.  The
21  government believes that setting a sentencing date that is firm and
22  is not continuously altered, absent an extraordinary justification,
23  is both fair to the defendant and in the best interest of the
24  victims, their loved ones, and the public.  Accordingly, the
25  government opposes the defendant's request to again continue the
26  sentencing hearing.

27    Should the Court grant defendant's request for the continuance,
28  the government respectfully requests that, rather than set the April

30, 2018 sentencing date, that the Court order the parties to meet and confer and propose an alternate date to the Court that is anticipated to be a firm date, works mutually well for the parties, and comports with the Court's schedule.

Dated: January 12, 2018               Respectfully submitted,

                                      SANDRA R. BROWN
                                      Attorney for the United States,
                                      Acting Under Authority Conferred by
                                      28 U.S.C. § 515

                                      PATRICK R. FITZGERALD
                                      Assistant United States Attorney
                                      Chief, National Security Division


                                      _/s/_____
                                      CHRISTOPER D. GRIGG
                                      MELANIE SARTORIS
                                      DEIRDRE Z. ELIOT
                                      Assistant United States Attorneys

                                      Attorneys for Plaintiff
                                      UNITED STATES OF AMERICA