TRACY L. WILKISON
Attorney for the United States,
Acting Under Authority Conferred by
28 U.S.C. § 515
PATRICK R. FITZGERALD
Assistant United States Attorney
Chief, National Security Division
CHRISTOPHER D. GRIGG (California Bar No. 220243)
Assistant United States Attorney
Chief, Terrorism and Export Crimes Section
MELANIE SARTORIS (California Bar No. 217560)
DEIRDRE Z. ELIOT (California Bar No. 145007)
Assistant United States Attorneys
Terrorism and Export Crimes Section
      3403 Tenth Street
      Suite 200
      Riverside, California 92501
      Telephone: (213) 894-5429
                 (213) 894-5615
                 (714) 338-3599
      Facsimile: (213) 894-7631
                 (714) 338-3561
      E-mail:    christopher.grigg@usdoj.gov
                 melanie.sartoris@usdoj.gov
                 deirdre.eliot@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA, | No. ED CR 15-00093-JGB |
|---|---|
| Plaintiff, | **GOVERNMENT'S OPPOSITION TO DEFENDANT'S EX PARTE APPLICATION TO CONTINUE SENTENCING** |
| v. | |
| ENRIQUE MARQUEZ, JR., | |
| Defendant. | |

     Plaintiff United States of America, by and through its counsel
of record, strongly opposes defendant's request *ex parte* for another
continuance.  Should the Court be inclined to grant a continuance of
the hearing date, the government requests that the Court order

defendant to file his sentencing position forthwith and set a hearing so that the Court can address ongoing issues relating to the timing and logistics of the sentencing hearing that are not readily resolved on the pleadings.

As the government stated in its oppositions to the prior continuances requested by defense,[1] each time the Court sets a sentencing date, the victims and their loved ones are affected. Many of the victims and their loved ones have indicated that they intend to attend the sentencing. They make plans to miss work, travel, or make other logistical arrangements to be there. Making these preparations is logistically taxing and highly emotional. Several victims plan to make oral statements during the sentencing hearing. Recognizing that every individual's experience is different and deeply personal, the government submits that sliding sentencing dates also causes emotional trauma for many victims and members of the public that do not plan to attend the hearing.

It remains the government's position that setting a sentencing date that is firm and is not continuously altered is both fair to the defendant and in the best interest of the victims, their loved ones, and the public. Accordingly, the government opposes the defendant's request to continue the sentencing hearing.

The government also opposes the proposed July 30, 2018 date due to scheduling conflicts.

---

[1] Defendant has had multiple continuances already over the government's objections. This is defendant's fourth request for a continuance. The government stipulated to the first request and opposed the second and third requests. Defendant pleaded guilty on February 16, 2017. (CR 67.) The current sentencing date of April 30, 2018 — a continued date requested by defendant over the government's objection — is more than a year after defendant's change of plea hearing.

1    Unfortunately, a reasonable interpretation of defendant's
2    actions and the timing of his *ex parte* request is that they amount to
3    gamesmanship.  Defendant's request conspicuously omits any reference
4    to the fact defendant recently stipulated to a briefing schedule that
5    specifically contemplated that sentencing would proceed on April
6    30th.  As a result of defendant's stipulation, the Court ordered the
7    parties to file their respective briefs on April 9, 2018.  (CR 87,
8    88.)  Defendant did not address the Court's scheduling Order in its
9    *ex parte* application.[2]  And although the government timely filed its
10   sentencing brief (CR 97), defendant did not.  Instead, he waited
11   until *after* the government filed its sentencing brief to advise the
12   government that he intended to apply for yet another continuance of
13   the sentencing hearing date.
14       The timing of defendant's latest request and his failure to file
15   a sentencing brief raises concerns that defendant is seeking an
16   improper litigation advantage by gaining early access to his party-
17   opponent's brief while withholding his own.  Defendant could have
18   signaled to the government before the filing deadline that he
19   intended to seek a continuance but chose not to do so.  Defendant's

---

20   [2] This is even more troubling given defendant's refusal to
21   disclose his retained expert witness's report, despite multiple
22   requests from the government.

23       The government disclosed its terrorism expert report in good
     faith almost seven months ago, on September 25, 2017.  (See CR 85 at
     3.)  Defendant's January 11, 2018 *ex parte* request for a continuance
24   stated he retained Dr. Marc Sageman in November 2017 as a terrorism
     expert.  (CR 84 ¶ 6.)  Dr. Sageman is an expert witness psychiatrist
25   who previously testified in death penalty cases and in terrorism
     matters.  Concerned that under the guise of a terrorism expert,
26   defendant was also seeking to introduce mental health issues late in
     the proceedings and deny the government a fair opportunity to explore
27   those issues, the government on multiple occasions requested a copy
     of Dr. Sageman's report but defendant refused.  Defense counsel
28   previously stated that it would be filed with defendant's sentencing
     papers.

3

argument that the hearing should be continued for three months because defendant needs more time to "gather mitigating information" is too vague to assess its merit or consider any ability to expedite or assist in resolving defendant's newly discovered needs without a three-month continuance.  It also does nothing to explain why defendant summarily discarded his own stipulation and the Court's Order by failing entirely to file his sentencing brief.

The purposes of reaching a stipulated briefing schedule in anticipation of the April 30th hearing date and seeking an order imposing the relevant deadlines was to ensure the parties and the Probation Office timely submitted materials necessary for the Court's consideration and thereby afford the parties, the Court, and the public a sense of confidence that the hearing would proceed on schedule.  The stipulation and resulting Order clearly failed in that regard.

For all of these reasons, the government requests that defendant's *ex parte* application be denied and that defendant be ordered to file his sentencing papers and disclose his expert report(s) by 5 p.m. on April 11, 2018.

If the Court is inclined to grant a continuance, the government respectfully requests a hearing to address the numerous issues related to the sentencing hearing.  Furthermore, to restore some semblance of balance to the parties' rights to prepare for the sentencing hearing, the government requests that the Court order

defendant to file his sentencing papers and expert report(s) by 5
p.m. on April 11, 2018.[3]

Dated: April 10, 2018                Respectfully submitted,

                                     TRACY L. WILKISON
                                     Attorney for the United States,
                                     Acting Under Authority Conferred by
                                     28 U.S.C. § 515

                                     PATRICK R. FITZGERALD
                                     Assistant United States Attorney
                                     Chief, National Security Division


                                     */s/ Melanie Sartoris*
                                     CHRISTOPHER R. GRIGG
                                     DEIRDRE Z. ELIOT
                                     MELANIE SARTORIS
                                     Assistant United States Attorneys

                                     Attorneys for Plaintiff
                                     UNITED STATES OF AMERICA

---

[3] The government further requests that the Probation Office
remain ordered to respond to the government's objections to the PSR,
filed October 16, 2017, on or before April 16, 2018, which is the
current date set by the Court's March 26, 2018 Order.  (CR 88.)