JOHN N. AQUILINA
Attorney-at-Law
California Bar No. 096880
P.O. Box 80189
Rancho Santa Margarita, California 92688
Telephone: 951-682-1700
E-Mail: Aquilina@johnaquilina.com

Attorney for Defendant,
ENRIQUE MARQUEZ, Jr.

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA, EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) <br>       Plaintiff, ) <br> ) <br>   vs. ) <br> ) <br> ) <br> ENRIQUE MARQUEZ, Jr., ) <br>       Defendant. ) <br> _____ ) | Case No. 5:15-cr-00093-JGB <br><br> DEFENSE OPPOSITION TO GOVERNMENT REQUEST TO UNSEAL DOCUMENTS FILED RELATING TO DEFENSE MOTION TO WITHDRAW GUILTY PLEA |

  TO: HON. JESUS G. BERNAL, JUDGE FOR THE UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA, EASTERN DIVISION; NICOLA T. HANNA, UNITED STATES ATTORNEY, by CHRISTOPHER GRIGG, MELANIE SARTORIS, AND JULIUS NAM, ASSISTANT UNITED STATES ATTORNEYS: AND TO THE CLERK OF THE UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA, EASTERN DIVISION:

  PLEASE TAKE NOTICE that JOHN N. AQUILINA, counsel for defendant, ENRIQUE MARQUEZ, Jr., hereby submits this opposition and objection to

1

the Government's oral motion to unseal any and all documents relating to the defendant's motion to withdraw his guilty plea as to count I of the indictment, all of which were submitted and ordered filed under seal of the court.

On January 30-31, 2020, the Government orally moved to unseal all of the documents filed under seal in support of, and in opposition to, the defendant's motion. Prior to ruling on this request, the court offered all counsel an opportunity to set forth their respective positions in a brief (5-page) memorandum. On February 6, 2020, at approximately 5:30 p.m., Government counsel provided defense counsel with indices of those documents which are requested to be unsealed, unsealed with redactions, and to remain sealed.[1] These indices relate to numerous documents filed well before the filing of the defendant's motion, and many filed by defendant's former counsel, the vast majority of which are unrelated to the defendant's motion. As to these documents, current counsel is uncertain that all of these documents have even been provide to current counsel. Based on counsel's understanding of the court's January 31, 2020, directive, the current briefings were only intended to address the unsealing of the documentation submitted in regard to the defense motion.

---

[1] In the e-mail received, Government counsel indicated that approximately forty (40) of the documents would be provided to defense counsel on February 7, 2020; however, due to counsel's current schedule, I will be out of state from February 7, 2020, through February 10, 2020, preparing an unrelated case.

2

As such, this defense objection is based on the defendant's Fifth and Sixth Amendment rights against self-incrimination, to present a defense, to the effective assistance of counsel, and due process of law and a fair trial, as well as, his rights to privacy and confidentiality. In support of this objection, and in reliance on the court's records, the defense submits the following:

Subsequent to the indictment filed in this matter on December 30, 2015, the defendant was arraigned and pled not guilty. On January 29, 2016, and on a stipulation entered into between counsel for the Government and former defense counsel, a protective order was issued and filed under seal.[2] (Doc. #29.) By this order, the vast majority of all discovery materials provided to the defense, which included personal identifying information, the contents of personal email accounts and electronic devices, reports of the investigations related to this and other matters, and audio and video recordings and transcripts of the recordings, were deemed protected and not subject to public disclosure.

Since the Government initiated and sought this protective order, the defendant entered into a plea agreement, moved to enter guilty pleas as to counts I and II of the indictment, and moved to withdraw his guilty plea as to count I. The

---

[2]On June 13, 2018, after being appointed as substitute counsel for the Federal Public Defender, current counsel joined in the stipulation filed by the defendant's former counsel, and represented his intent to comply with the terms of the protective order issued by the court.

probation department has also submitted their sentencing recommendation. It is believed that all of these documents were ordered filed under seal.

Now, counsel for the Government asserts that numerous documents must be disclosed based on the public's right to access the court's records. In the Government's oral and written motions, no reference is made as to the reasons the "protective order" stipulation initiated and entered into by the Government, should now be undone. At the time of the filing of each of the documents in question, counsel applied for an order the document be filed under seal, and the court so ordered. Each of these orders were authorized by law, and justified under the facts presented. No changes in the law, facts, or circumstances are cited to warrant that the court override the agreed upon protective order, nor any of the sealing orders issued by this court.

In support of the disclosure order sought, the Government cites a number of authorities in which the defendant placed his mental state in issue. The distinguishing factor in each of the cases cited is that the orders sought, for the unsealing of the documents, related to the defendant's sentencing proceeding, or the conclusion of the criminal proceedings. (*see, United States v. Strevell* (N.D.N.Y. Mar. 3, 2009, No. 05-CR-477 (GLS)) 2009 U.S.Dist.LEXIS 19020, at *4; *United States v. Dare* (N.D.N.Y. 2008) 568 F.Supp.2d 242, 244; *United States v. Chanthaboury* (E.D.Cal. Dec. 5, 2013, No. 2:12-cr-00188-GEB) 2013

4

U.S.Dist.LEXIS 172481, at *4.) In contrast, the status of the current matter is pre-sentencing, or pre-trial, depending on the court's order on the motion, thus requiring even more scrutiny before disclosure is ordered, which will irreparably prejudice the prosecution and defense in this matter.

Pursuant to Ninth Circuit precedent, the public disclosure of sealed documents is authorized "if the benefits of opening the proceedings outweigh the costs to the public." (*Times Mirror Co. v. United States* (9th Cir. 1989) 873 F.2d 1210, 1213.) In making this determination, the court must balance the public's First Amendment right of access and countervailing interests, which have neither been presented or briefed in this matter. Instead, the Government seeks a blanket order to unseal numerous documents simply based on the public's right of access. Without the presentation of additional evidence and briefing, and in the absence of the court engaging in this balancing process, an order for the immediate disclosure of all of the documents cited is unwarranted and erroneous. (*see also, Press-Enterprise Co. v. Superior Court* (1986) 478 U.S. 1, 8 [106 S.Ct. 2735, 92 L.Ed.2d 1]; *Press-Enterprise Co. v. Superior Court* (1984) 464 U.S. 501, 509-510 [104 S.Ct. 819, 78 L.Ed.2d 629]; *In re Copley Press, Inc.* (9th Cir, 2008) 518 F.3d 1022, 1026: *Phoenix Newspapers, Inc. v. U.S. Dist. Court for Dist. of Arizona* (9th Cir. 1998) 156 F.3d 940, 946-947.)

/////

In opposition to the public's right to access the court's records, the defense references each of the applications submitted in support that the particular documents be filed under seal. In summary, these applications referenced the fact the defendant and this prosecution have been the subject of massive media publicity, and should the documentation be made accessible to the public, it will be widely distributed by the media and others, and will prejudicially impact the defendant and Government's right to a fair trial should the defendant's motion to withdraw his guilty plea be granted, or to his sentencing should the motion be denied.

Additionally, many of the documents referenced include personal and privileged information relating to the defendant and third parties. In regard to many of the reports and transcriptions submitted, they relate to investigative efforts conducted not only in regard to the defendant's charges, but also to uncharged (San Bernardino) offenses. Investigative reports of this nature have never been subject to the blanket disclosure order sought by the Government. Lastly, since only portions of the transcriptions referenced have been filed with the court, the disclosure of these hand-selected excerpts will be extremely misleading and cause great prejudice to the Government and defense, whether the matter is pending sentencing or a trial.

As noted in each of the sealing applications filed, the defense has cited the fact that each document was necessary and critical for counsel to fully and

competently represent the defendant and for the court's ruling on the defense motion to withdraw his guilty plea.  Further, as previously asserted, the orders sealing the documents submitted were necessary in order to ensure the defendant's rights of privacy, the effective assistance of counsel, present a defense, and the defendant and Government's right to a fair trial and/or sentencing.  No evidence or justification has been submitted warranting the court reconsidering or reversing the sealing orders entered at this juncture of the prosecution of the defendant.

WHEREFORE, counsel seeks an order denying the Government's motion at this time and maintaining all documents filed under seal, remain sealed pending further order of the court

Dated: February 6, 2020, at Mission Viejo, California.

Respectfully submitted,

 /s/ John N. Aquilina  
JOHN N. AQUILINA  
Attorney for defendant,  
ENRIQUE MARQUEZ, Jr.